UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RENA DANFORTH, and
CHARLES DANFORTH

    Plaintiffs,

v.                                            Case No. 8:23-cv-2640-JLB-NHA

LIBERTY MUTUAL
INSURANCE COMPANY

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

I recommend that the Court grant Plaintiff's motion to remand this matter to state court (Doc 15). The motion is now unopposed (Doc. 25), and the amount in controversy appears insufficient to invoke the Court's diversity jurisdiction.

**I.    Background**

Plaintiffs Rena and Charles Danforth sue Defendant Liberty Mutual Insurance Company for breach of contract. Doc. 1-1. The Danforths allege that Liberty Mutual twice failed to properly compensate them for losses associated with damage to their home. *Id.*

On August 26, 2021, a windstorm damaged Plaintiffs' home. Doc. 1-1, p. 2. Plaintiffs timely filed an insurance claim (the "Windstorm Claim"), which

they supplemented with a sworn Proof of Loss Statement, claiming a loss of $47,132.86. *Id*.; Doc. 1-8, p. 1; Doc. 1-6, p. 1. Defendant issued an unspecified payment on the claim. Doc. 1-1 ¶ 7.

On September 28, 2022, Hurricane Ian damaged Plaintiffs' home. Doc. 1-1, p. 3. Again, Plaintiffs timely filed an insurance claim (the "Hurricane Claim"). *Id*.; Doc. 1-9., p. 1. With their claim, Plaintiffs provided a Proof of Loss Statement claiming loss and damage of $79,455.23. Doc. 1-7, p. 1. Defendant obtained a damages estimate and determined the damage did not exceed the cost of the deductible and so made no payment. Doc. 1-1 ¶ 18.

Plaintiffs sued Defendant for failing to issue higher payments on their claims. Doc. 1-1. Defendant removed the case to federal court (Doc. 1), and Plaintiffs moved to remand it (Doc. 15), arguing that the amount in controversy was less than $75,000 and thus this Court lacked subject matter jurisdiction. Specifically, Plaintiffs contended that the $79,445.23 Proof of Loss Statement associated with the Hurricane Claim (Doc. 1-7) included Plaintiffs' damages for both the Hurricane Claim and the Windstorm Claim. Doc. 15, p. 2. And, after subtracting the deductibles they owed and Defendant's partial payment, the remaining amount in controversy was just $60,349.14 Doc. 15, pp. 2–3. In support of their contention, Plaintiffs quoted language within the attached Proof of Loss statement indicating, "All damages were included on this proof of loss as this represents all of the insured's damages." Doc. 1-7; Doc. 15, p. 2.

2

In opposing Plaintiff's motion to remand, Defendants initially argued that the amounts alleged in Plaintiffs' Proof of Loss statements should be counted separately and that, when added together, they exceeded $75,000. Doc. 17, p. 5. The Court notes, however, that Defendant's Fourth Affirmative Defense asserts "The damages claimed in claim number 051177542-01 overlap with the damages claimed by Plaintiff in claim number 046705917-01. Doc. 3, p. 11. Therefore, Plaintiff cannot recover for damages in the second claim previously handled and compensated for in the first claim." Doc. 3.  In other words, Defendant agreed that the Second Proof of Loss Statement encompassed damages associated with the windstorm as well as the hurricane.

After initially opposing Plaintiff's motion to remand, Defendant now withdraws its opposition. Doc. 25.

## II. Standard of Review

"Federal courts are courts of limited jurisdiction" and, unless the party asserting jurisdiction proves otherwise, "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party seeking federal jurisdiction must establish the jurisdictional facts. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). Where the alleged basis for federal jurisdiction is diversity, the removing defendant has the burden of demonstrating (1)

complete diversity of citizenship and (2) an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a).

"If removal of a civil action is sought on the basis of the jurisdictional amount conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that . . . removal of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2). "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) ("[R]emoval . . . is proper . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold.").

"A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka*, 608 F.3d at 751 (citing *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1268 n. 12 (11th Cir.2009)). Therefore, a plaintiff cannot deprive the court of jurisdiction "after

4

removal, by stipulation, by affidavit, or by amendment of his pleadings, reduc[ing] the claim below the requisite amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).

### III. Analysis

Plaintiff's complaint does not specify the amount in controversy. *See* Doc. 1-1. It alleges only that the amount in controversy "exceeds $50,000." Doc. 1-1, p. 1. And Plaintiffs attached to their complaint the Proof of Loss statements, which, at first glance, could have suggested an amount in controversy well above $75,000. Docs. 1-6, 1-7. However, the second Proof of Loss Statement for $79,455.23 indicates that it "represents all of the insured's damages." Doc. 1-7; Doc. 15, p. 2. And Defendant's own assertions reinforce that the second Proof of Loss statement encompasses Plaintiff's damages associated with both claims. Doc. 3, p. 11. The complaint also acknowledges that Defendant at least partially paid Plaintiff's Windstorm Claim and that Plaintiffs were required to pay deductibles on each claim. Doc. 1-1 ¶ 7. Indeed, the insurance policies attached to the complaint support that Plaintiffs were required to pay a $1,000 deductible on the Windstorm Claim (Doc. 1-1, p. 7) and a $5,016.44 deductible on the Hurricane Claim (*id.* pp. 70, 73).

Based on the allegations in the pleadings and the attachments thereto, the amount in controversy could be no more than "all of the insured's damages" $79,455.23 (Doc. 1-7), minus the deductibles owed ($6,016.44), minus the

5

amount of Defendant's payment. So, even without knowing the amount of the Defendant's payment, the amount in controversy could not exceed $73,439.

## IV. Conclusion

I find by a preponderance of the evidence that the amount in controversy is less than $75,000 and the Court, therefore, lacks subject matter jurisdiction over the case. Accordingly, I recommend that:

1. The Court GRANT Plaintiffs' (now unopposed) motion to remand (Doc. 15), and

2. The Clerk be directed to REMAND this action to the Circuit Court of the Tenth Judicial Circuit in and or Polk County, Florida, to transmit a certified copy of the Court's order to the clerk of that Court, to terminate any pending motions and deadlines, and to CLOSE this case.

REPORTED in Tampa, Florida, on April 22, 2024.

_____
NATALIE HIRT ADAMS
United States Magistrate Judge

Copies: All Parties of Record

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.